OPINION of the Court, by
Ch. J. Boyi e.
— This is Si controversy for land, and depends exclusively upon the validity of the entry under which the appellee, who was the complainant in the court below, derives title* it is in the following words, v*z
“ January the 9th, 1783 — Charles Pellam enters 15000 acres of land on six treasury warrants, & * begin-tiing at George Adams’s most southwestwardly corner, on the north fork of Licking creek, of 1300 acres, which joins Col. Marshall’s entry of 1500 acres, also Francis M’Dermid’s settlement and pre emption, run-uing down the meanders of said creek three miles when reduced to a straight line, except obstructed by a prior line; thence at riyhtangles westwardly from-the exire-mity of said line, and from the beginning with said Adams’s, M’Dermid’s and Marshall’s lines, oroiher Tncs passing their corners, and a continuation of said course will include the quantity.”
There is some difficulty 111 fixing the precise point of beginning of this entry, owinefto an inaccuracy and con lusion in the calls of the claims referred t< . * Any objection however on this ground might be gotten over, without perhaps indulging a greater liberality of con Hfruction than has been estended to other entries. But *544 the ca¡| for tj,e base otl the creek, presents ail objectioft t0 ^ vability of the entry which we apprehend is insuperable. That call requires the base to be extended with the meanders of the creek three miles when reduced to a straight line, except obstructed by a prior line„
It was evidently the intention of the locator that his base on the creek should terminate at any point where a prior line should be found, however short it might be of the distance he had designated ; and if such a line had intervened between the beginning and the distance designated, he would indisputably have been bound by it in making his survey. But how was a subsequent locator to know whether a prior line intervened or not ? There is nothing in the entry vvhich could convey to him any information upon the subject, nor is there any clew given by which he would Be led to any source from which he might obtain such information. To presume that he knew the fact, would he requiring him to know all the claims which existed upon record in the countrji This would be unreasonable in itself, would be demanding of him more than a correct construction of the land law would warrant. A subsequent locator is indeed bound at his peril not to interfere with a prior claim, but where sAich prior claim is dependant for its position or figure up^n other claims, he cannot be presumed to know their situation, unless they are designated by an appropriate name or description. If then a subsequent locator could not know whether a prior line intervened or not between the beginning and the end of three miles on the creek, it inevitably follows that he could not know whether the base of the survey of the entry in question would terminate before it reached the distance of three miles or not, nor at what point it would terminate. Consequently he could not with certainty know whether there was any land, nor how much between the beginning and the distance of three miles on the creek, subject to appropriation by him. An entry which leaves it thus uncertain what is the adjacent residuum which may be appropriated by others, cannot be said to conform to the requisitions of the law.
We are aware that an entry giving a definite base^ and calling for lines extending therefrom a given course, so far as will include the quantity of vacant land, or to- *545 include the .quantity excluding prior claims, has been held to be good.(a) But an entry of that description is essentially different from the one in question. In that case it is certain that the lines from the base must at all events extend as far as will include the quantity ; and farther than that such an entry has never been deemed Validl But in the present case the base is to no extent certain. The locator has given a distance, not to which he would at all events extend his base, but to which he might or might not extend it, accordingly as the event should turn out that a prior line should intervene or not between the beginning and that distance. As an entry excluding prior claims, as far as it would transcend the limits to which it is evident that it must at all events go, is vagiie', because it so far depends upon the uncertain event of the existence, of prior claims within the bounds which would cover its proper quantity, so it is clear that the base of the entry in question is vague, because it depends for its extent upon the like uncertain event.
A majority of the court therefore are of opinion that the entry in this case is radically defective, and that the court below erred in deciding it to be valid.
Decree reversed, and the cause remanded that the eomplainant’s bill may be dismissed.

 Drake and Ramsey vs. Logant Hard. 34—Craig & Mosby versus Cogar, Hard. 384 —Wilson vs Flemingt Hard. 580—Jackson vs. Johnson's heirs, 1 Bibb, 58.