The Chief Justice
delivered the opinion of the court.
This is a controversy for land, under conflicting claims. The appellants, who were complainants in the circuit court, derive title under the last of the two following entries, to wit:—
“December the 4th, 1783—Matthew Walton and Antho"ny Hunly enter 12,000 acres, part of a treasury warrant, "beginning on the fork of Chaplain’s fork, and the beech "fork, to run up the beech fork to the mouth of the first "large creek, which is called the main north fork of the “beech fork, (the creek that the trace goes five or six miles “up, leading from Cox’s station to Harrodsburg,) thence to “run up the creek and up Chaplain’s fork till a line straight “across from one to the other will include the quantity, ex"clusive of prior legal claims."
“4th December, 1783—Anthony Hunly enters 65,000 a"cres upon part of two treasury warrants, on Chaplain's "fork, to join the above on the upper line, and to run in the “same manner till a line from Chaplain’s fork to the said "creek, or the trace, will include the quantity.”
Chaplain’s fork, the beech fork, and the first large creek running into the beech fork, up which creek the trace from Cox’s station to Harrodsburg leads, are sufficiently established, both with respect to their identity and notoriety. The first of the foregoing entries must therefore be deemed valid. Its base and side lines being, by the terms of the entry, certainly and immovably fixed, it does not come within the principle or reason of the case of Hanson vs. Lashbrook, 3 Bibb, 543, as seems to have been supposed by the circuit court, who decreed against its validity, but most by influenced by the case of Mosby and Craig vs. Cogar, Har. 383, and the subsequent cases of the same character decided by this court.
If, then, the first entry be valid, if follows, that the second, depending upon it, must also be adjudged good; for we are aware of no case in which a call for another entry which is valid, has been held to vitiate the entry containing such call.
The entry under which the appellees claim, is elder than that under which the appellants derive title, but the objects called for by it are not sufficiently identified. If the entry *396 could be located, it must evidently be attached to a place at which, if properly surveyed, it would not interfere with, or cover any part of the land in contest.
The decree of the circuit court must be reversed with costs, and the cause remanded, that a decree may be entered in conformity to the foregoing opinion, and that such other and further decrees and orders, not inconsistent therewith, as may be agreeable to law, may be made.